**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RODRIGUEZ QUINTERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEMON,<br><br>　　　　Defendant. | Case No.  1:23-cv-01196-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S NOTICE OF PENDING 9TH CIRCUIT DECISION AS MOTION FOR STAY OF PROCEEDINGS<br>(ECF No. 14)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR STAY OF PROCEEDINGS<br>(ECF No. 14)<br><br>ORDER EXTENDING DEADLINE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT OR NOTICE OF VOLUNTARY DISMISSAL<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Daniel Rodriguez Quintero ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 24, 2025, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983.  (ECF No. 13.)  Plaintiff was granted leave to file an amended complaint curing the deficiencies identified by the Court or to file a notice of voluntary dismissal within thirty (30) days.  (*Id.*)

///

1

1    Currently before the Court is Plaintiff's "Notice of pending 9th Circuit decision," filed
2 December 2, 2025. (ECF No. 14.) Plaintiff states that he does not agree with the Court's ruling
3 that his complaint fails to state a claim, and he has asked the 9th Circuit for help, citing "9th Cir.
4 No. 24-7208." Plaintiff states that he is "waiting for Human validation, Please wait also." (*Id.*)

5    The Court construes the filing as a motion for a stay of the instant action pending
6 resolution of Ninth Circuit Case No. 24-7208. Plaintiff's request is denied.

7    "The filing of a notice of appeal is an event of jurisdictional significance—it confers
8 jurisdiction on the court of appeals and divests the district court of its control over those aspects
9 of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58
10 (1982). However, "[a]bsent a stay, an appeal seeking review of collateral orders does not deprive
11 the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory
12 order does not ordinarily deprive the district court of jurisdiction except with regard to the matters
13 that are the subject of the appeal. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.
14 1990) (quoting *Manual for Complex Litigation* Sections 25.11, 25.16 (2d ed.)). Thus, before the
15 Court goes forward with the case, it must determine whether Plaintiff is seeking review of a
16 "collateral order" of the type discussed in *Britton*. If so, the Court and parties could proceed as
17 planned. If the Court's ruling on Plaintiff's motion is inextricably bound up with the merits of
18 this action, however, jurisdiction of all proceedings in this case are called into question and
19 proper prudence suggests this Court refrain from taking further action. *See City of L.A., Harbor*
20 *Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of
21 interlocutory appeal divests the district court of jurisdiction over the particular issues involved in
22 that appeal.")

23    The Court finds that Plaintiff's Appeal No. 24-7208, which was filed in *Quintero v.*
24 *Lemon*, Case No. 1:23-cv-01233-KES-SAB (PC), is unrelated to the instant action. The appeal
25 was filed on November 14, 2024, nearly a year before the Court screened the complaint in this
26 action and made any findings with respect to whether Plaintiff stated any cognizable claims in
27 this action. While it does appear from a review of the docket in the Ninth Circuit action that
28 Plaintiff is attempting to raise issues from the instant case in his appeal, Plaintiff's various cases

before the District Court have never been related or consolidated.  Thus, any appeal filed in Plaintiff's other cases does not appear to have any effect on the Court's ability to determine the merits of the instant action, or to deprive the Court of jurisdiction over the same.  Plaintiff has presented no argument supporting the proposition that a decision by the Court of Appeals would have a material impact on the merits of this action.  Accordingly, a stay of this action pending resolution of the appeal is not warranted.

As noted above, Plaintiff's amended complaint (or notice of voluntary dismissal) was due on or before November 26, 2025.  Although Plaintiff has not requested an extension of this deadline, in light of Plaintiff's *pro se* status and in an abundance of caution the Court finds it appropriate to extend the deadline for Plaintiff to file an amended complaint or notice of voluntary dismissal.  **Further extensions of this deadline will not be granted without a showing of good cause.**

Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's notice of pending 9th Circuit decision, (ECF No. 14), is CONSTRUED as a motion for stay of proceedings;
2. Plaintiff's motion for stay of proceedings, (ECF No. 14), is DENIED;

3

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's October 24, 2025 screening order (or file a notice of voluntary dismissal); and

4. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **December 3, 2025**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE