# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RODRIGUEZ QUINTERO, | Case No. 1:23-cv-01196-BAM (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| v. | |
| LEMON, | (ECF No. 16) |
| Defendant. | |

Plaintiff Daniel Rodriguez Quintero ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 24, 2025, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 13.) Plaintiff was granted leave to file an amended complaint curing the deficiencies identified by the Court or to file a notice of voluntary dismissal within thirty days. (*Id.*)

On December 3, 2025, the Court denied Plaintiff's request for a stay of proceedings and granted Plaintiff an extension of time to file an amended complaint or notice of voluntary dismissal. (ECF No. 15.) The Court ordered Plaintiff to file a first amended complaint curing the deficiencies identified by the Court's October 24, 2025 screening order or file a notice of voluntary dismissal within thirty days. (*Id.*)

1

Currently before the Court is Plaintiff's January 12, 2026 motion for an extension of time to file an amended complaint.  (ECF No. 16.)  Plaintiff states that due to his mental disorders, multiple violent incidents, lockdowns, and limited access to the law library, he has not been able to make copies of the completed amended complaint.  He has petitioned for copy service, but it has been unavailable due to security reasons.  Plaintiff requests a 10-20 day filing extension.  (*Id.*)

Having considered the motion, and cause appearing, Plaintiff's request for an extension of time to file a first amended complaint will be granted.  Although Plaintiff has requested a 10-20-day extension of time, the Court finds a 20-day extension of time appropriate in the circumstances.  **Further extensions of this deadline will not be granted without a showing of good cause**.

Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220

Accordingly, it is HEREBY ORDERED as follows:

1.  Plaintiff's motion for an extension of time, (ECF No. 16), is GRANTED;

2.  Within **twenty (20) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's October 24, 2025 screening order (or file a notice of voluntary dismissal); and

///

2

3. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:    **January 13, 2026**            /s/ *Barbara A. McAuliffe*            _
                                 UNITED STATES MAGISTRATE JUDGE